### JOHN CHAPMAN, ETC., *v.* L. SHANNON.

**Trespass to Try Title—Injunction to Stay Waste—Boundaries Must Be Fixed in Judgment—Writ of Possession.**

In actions in ejectment, where recovery is had, the plaintiff is entitled to a writ of possession and may take possession under it, but in a suit in equity where the deeds under which both parties claim have no definite boundaries, the chancellor in determining the rights of the parties should fix and establish the boundary, so as to enable the officer who executes the writ, as well as the parties, to know the boundaries of their respective tracts of land.

Where the title and possession of land are both brought in question by reason of the alleged unlawful entry, the result of the litigation determines the question of title.

#### APPEAL FROM LAWRENCE CIRCUIT COURT.

November 14, 1872.

OPINION BY JUDGE PRYOR:

The appellee instituted the present suit in equity alleging that he was the owner and in the possession of certain lands by himself and tenants and that the appellants had entered upon this possession and were cutting and destroying the timber and selling tanbark therefrom and committing great waste, etc. He asks for an injunction to stay waste and also a judgment for the value of the tanbark removed from the premises.

No recovery of the land or the possession is asked for by the pleading.

The appellants traverse the allegations of the petition and assert a right of property in themselves to the land upon which the waste is alleged to have been committeed. This answer necessarily placed in issue the title to the land. Much proof was taken on both sides in regard to the boundary of the parties owning adjoining tracts. The appellee exhibits two different deeds for the land owned by him, one from a man by the name of Roberts, and the other from the sheriff of Lawrence county by reason of an execution sale of the land of James Shannon. Shannon purchased of Shorter, and the land on which this alleged unlawful entry was made is the tract purchased by Sam Shannon of Shorter, and sold by the sheriff by virtue of an execution against Shannon and purchased by Moore, and Moore, the purchaser, afterwards uniting in a deed with the sheriff conveys the land to the appellee. The weight of the testimony shows that the timber cut, and the waste committed was upon the land originally owned by Shorter and conveyed by the sheriff to the appellee. The objection, however, to the judgment is, that it is too indefinite and the sheriff required to execute the writ of possession would have trouble in determining the extent of appellee's recovery. It is true in an action of ejectment where a recovery is had the plaintiff is entitled to his writ, and may take possession under it at his own peril, but in an equity suit like this, where the deeds under which both parties claim, and particularly the deeds of the appellee have no definite boundary, the chancellor in determining the right of the parties should fix and establish the boundary so as to enable the officer who executes the writ, as well as the parties, to know the boundaries of their respective tracts of land. There is some proof indicating that the boundary of the Shorter deed includes the actual possession and improvements of the appellants; whether it does or not, is a question difficult for this court, upon a careful examination of the record, to determine. Therefore the necessity of ascertaining and fixing the boundary line of the true tracts, it is also made the more necessary in this case, as the recovery of the land or a specified boundary is not asked for by the prayer of the petition. It is true that in an action of this character where the title and possession are brought in question by reason of an alleged unlawful entry, the result of the litigation determines the question of title,

and although there was no specific prayer for a recovery of the land, still the unlawful entry being shown, the party guilty of the tort is not prejudiced by a judgment of the chancellor, not only quieting the title but removing him from the premises.

Whilst this may be done, the chancellor, in order to quiet the title and limit the extent of the appellee's recovery, must establish the boundary by having an actual survey made marking and defining the boundary lines. This has not·been done by the judgment and the parties are left with the same indefinite and uncertain boundaries they had when the suit was instituted. For the reasons indicated the judgment is reversed and cause remanded for further proceedings consistent with this opinion. Either party should be allowed to amend their pleadings.

*Rodman, for appellants.*

*Moore, Burns, for appellee.*